UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
NORTHERN DIVISION

| | |
|---|---|
| STARNET INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Case No:  08 C 1828 |
| ) | |
| SOUTH WEST INDUSTRIES, INC. d/b/a ) | JUDGE JOAN GOTTSCHALL |
| ANDERSON ELEVATOR COMPANY; and ) | |
| CHICAGO TRANSITY AUTHORITY, ) | |
| ) | |
| Defendants. ) | |

### ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant CHICAGO TRANSIT AUTHORITY ("CTA"), by its attorneys, answers the allegations of Plaintiff's Complaint for Declaratory Judgment ("Complaint") as follows:

### JURISDICTION

1. Plaintiff StarNet is a Connecticut insurance company, with its principal place of business at 475 Steamboat Road, Greenwich, CT 06830, issuing insurance policies in Illinois pursuant to the Illinois Insurance Code.

   **ANSWER:** Defendant admits the allegation contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant SWI is an Illinois corporation, with its principal place of business at 2801 19th Avenue, Broadview, IL  60155.

**ANSWER:** Defendant admits the allegation contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant CTA is an Illinois governmental agency, with its principal place of business at 567 West Lake Street, Chicago, IL 60661.

**ANSWER:** Defendant admits that it is a Municipal Corporation with its principal place of business located as alleged, but denies that it is an Illinois governmental agency.

4. The Court has jurisdiction over this matter under 28 U.S.C. §1332 based on diversity of citizenship of the parties and the matter in controversy exceeds $75,000.

**ANSWER:** Defendant admits the allegations stated in Paragraph 4 of Plaintiff's Complaint.

## LEWANDOWSKI LAWSUIT

5. On October 24, 2006, a lawsuit was filed in the Circuit Court of Cook County, Illinois under the caption *Lawrence Lewandowski v. South West Industries, Inc., et al.*, Case No. 2006 L 011181 (the "Lewandowski Lawsuit"). A true and correct copy of the First Amended Complaint filed in the Lewandowski Lawsuit is attached hereto as Exhibit "A".

**ANSWER:** Defendant admits the allegations stated in Paragraph 5 of Plaintiff's Complaint.

5. SWI was served in the Lewandowski Lawsuit on or about November 9, 2006.

**ANSWER:** Defendant admits the allegation stated in Paragraph 6 of Plaintiff's Complaint.

7. Count I of the Lewandowski Lawsuit includes the following allegations:
   a. On or about July 5, 2006, LAWRENCE was employed by the Chicago Transit Authority (CTA).

206622-1                                    2

    b.    On and prior to July 5, 2006, SOUTH WEST had a contract with the CTA to inspect, maintain and/or repair elevators, including an elevator located at the Pulaski station of the CTA's Orange Line ("the elevator"), at or near 5106 S. Pulaski Road, Chicago, Illinois.

    c.    On or about July 5, 2006, LAWRENCE was a passenger on the elevator.

    d.    On or about July 5, 2006, the elevator's cables snapped, separated or otherwise failed, causing the elevator to fall.

    e.    On or about July 5, 2006, no brake, governor or other device prevented the elevator from free falling.

    f.    As a proximate result of the elevator's fall, LAWRENCE, was injured.

    g.    At the time and place alleged, SOUTH WEST was negligent in one or more of the following respects:

        1.    Installing unsafe, inadequate or otherwise defective cables; or
        2.    Failing to adequately inspect or maintain the cables; or
        3.    Failing to repair the elevator or cables though they knew, or should have known, they were unsafe; or
        4.    Failing to install properly working brakes, a governor or other safety device to prevent the elevator's free fall; or
        5.    Failing to adequately inspect or maintain the brakes, governor or other safety device; or
        6.    Failing to repair the brakes, governor or other safety device though they knew, or should have known, that they were malfunctioning or were otherwise unsafe; or
        7.    Was otherwise negligent in its installation, inspection and/or maintenance of the elevator.

    h.    As a proximate result of one or more of the foregoing negligent acts and/or omissions LAWRENCE was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered the loss of the enjoyment of a normal life; has incurred and will in the future incur expenses for medical and rehabilitative care; has suffered a loss of wages; and has been damaged in his capacity to earn a living.

**ANSWER:** Defendant admits that said allegations of ¶ 7(a) through (h) appear in Exhibit A, the First Amended Complaint at Law, Count I, ¶'s 1 through 9, which was filed in Cook County Circuit Court Law Division Case No. 2006 L 011181.

206622-1                3

8. Count II of the Lewandowski Lawsuit includes the following allegations:
    a. On or about July 5, 2006, LAWRENCE was employed by the Chicago Transit Authority (CTA).
    b. On and prior to July 5, 2006, SOUTH WEST assembled and installed elevators and their components.
    c. Prior to July 5, 2006, SOUTH WEST installed an elevator at the CTA's Pulaski Station of the Orange Line located at or near 5106 Pulaski Road, Chicago, Illinois.
    d. On and prior to July 5, 2006, SOUTH WEST assembled the components of the elevator.
    e. On and prior to July 5, 2006, SOUTH WEST procured the cables for the elevator.
    f. On and prior to July 5, 2006, SOUTH WEST installed the cables for the elevator.
    g. On and prior to July 5, 2006, SOUTH WEST was responsible for the installation of brakes or governors for the elevator.
    h. On or about July 5, 2006, LAWRENCE was a passenger on the elevator.
    i. On or about July 5, 2006, the elevator's cables snapped, separated or otherwise failed, causing the elevator to fall.
    j. On or about July 5, 1006, no brake, governor or other device prevented the elevator from free falling.
    k. As a proximate result of the elevator's fall, LAWRENCE was injured.
    l. At the time and place alleged, the elevator was unreasonably dangerous in one or more of the following respects:
        1. It had inadequate cables; or
        2. Its cables were inadequately maintained and/or repaired; or
        3. It lacked adequate brakes; or
        4. Its brakes were inadequately maintained and/or repaired; or
        5. It lacked a governor or similar safety device; or
        6. Its governor or otherwise similar safety device was inadequately maintained and/or repaired.
    m. The aforesaid defective and unreasonably dangerous conditions were present at the time the elevator left the control of SOUTH WEST.
    n. As a proximate result of . . . one or more of the foregoing unreasonably dangerous conditions LAWRENCE was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered the loss of the enjoyment of a normal life; has incurred and will incur expenses for future medical and rehabilitative

  care; has suffered a loss of wages; and has been damaged in his capacity to earn a living.

**ANSWER:** Defendant admits that said allegations in ¶ 8(a) through (n) appear in Exhibit A, the First Amended Complaint at Law, Count II ¶'s 1-15, which was filed in Cook County Circuit Court Case No. 2006 L 011181.

 9. Counts V & VI of the Lewandowski Lawsuit include the following additional allegations:
  a. At all times alleged BERNICE was the wife of LAWRENCE.
  b. As a proximate result of one or more of the foregoing negligent acts and/or omissions, BERNICE has suffered a loss of the society, companionship and support of her husband, LAWRENCE.

**ANSWER:** Defendant admits only that said allegations appear in Exhibit A, the First Amended Complaint at Law, Count V ¶'s 10 – 11 and Count VI, ¶'s 16-17, which was filed in Cook County Circuit Court Law Division Case No. 2006 L 011181.

### SOUTH WEST'S THIRD-PARTY COMPLAINT

 10. On October 24, 2007, SWI filed a Third-Party Complaint in the Lewandowski Lawsuit against CTA ("SWI Complaint"). A true and correct copy of the SWI Complaint is attached hereto as Exhibit "B".

**ANSWER:** Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

 11. The CTA was served with the SWI Complaint on October 30, 2007.

**ANSWER:** Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

 12. Count I of the SWI Complaint includes the following allegations:
  a. At the date, time and place of the aforesaid incident, CTA was charged with the management, operation, and control of the aforementioned property, and as such was a common

        carrier with respect to the elevator located therein, and had the duty to use the highest degree of care consistent with the management, operation, and control of said property to avoid injury to those on the premises.

  b.    Notwithstanding said duty, CTA acted or failed to act in one or more of the following ways that amounted to negligent or careless conduct:

      1.    failed to maintain the elevator in good and proper condition when it knew or should have known in the exercise of the highest degree of care and caution that the elevator created a situation of imminent danger for persons, such as the plaintiff;

      2.    allowed said elevator to fall into a state of disrepair for an unreasonable length of time when it knew or should have known in the exercise of the highest degree of care and caution that such condition created a situation of imminent danger for persons, such as plaintiff;

      3.    failed to notify SOUTH WEST of the allege defective condition of the elevator prior to the date of the alleged incident so that SOUTH WEST could come to the premises and repair the alleged condition, when it knew or should have known in the exercise of the highest degree of care and caution that such condition created a situation of imminent danger for persons, such as the plaintiff.

      4.    failed to warn passengers and other intended users of the subject elevator of the alleged defective condition of the elevator when it knew or should have known in the exercise of the highest degree of care and caution that such condition created a situation of imminent danger for persons, such as the plaintiff.

      5.    failed to have a Type A safety installed in the elevator when the station was built, which is the proper safety for an elevator that is under 100 feet;

      6.    failed to keep the hoistway/pit of the elevator free from chemicals such as those used to remove graffiti, and free from water vapor, salt, ice, water and rain, which caused the cables to deteriorate.

  c.    SOUTH WEST denies all liability as alleged by the plaintiff and if it is found that SOUTH WEST is liable to the plaintiffs, one or more of the foregoing acts or omissions on the part of third-party defendant contributed in whole or in part to proximately cause the injuries alleged to have been sustained by the plaintiffs.

    d.    In the event that the plaintiffs recover a judgment from SOUTH WEST, then pursuant to 740 ILCS 100/2, SOUTH WEST is entitled to judgment by way of contribution against third-party defendant for that portion of said judgment in excess of SOUTH WEST'S pro rata share of liability to the full extent allowed by law.

**ANSWER:** Defendant admits only that said allegations of paragraph 12 (a) through (d) appear as ¶'s 3 through 5 in Exhibit B, Defendant South West Industries, Inc.'s Third Party Complaint for Contribution, which was filed in Cook County Circuit Court Case No. 2006 L 011181.

13. Count II of the SWI Complaint includes the following allegations:
    a. That on or about July 6, 2006, the third-party defendant, CTA, and its duly authorized agents or servants had exclusive actual physical possession of the elevator and all of its component parts.
    b. That third-party defendant, CTA, was charged with the management, operation and control of the aforementioned elevator and all of its component parts.
    c. That after the plaintiff, LAWRENCE LEWANDOWSKI, was involved in the incident of July 6, 2006, third-party defendant, CTA, knew or should have known that the elevator and its component parts had to be maintained for inspection and preservation.
    d. That third-party defendant, CTA, had a duty to maintain, preserve and secure the elevator and its component parts and keep them free from water, ice, salt chemicals and debris.
    e. That, notwithstanding said duties, third-party defendant, CTA, allowed water, ice, salt, chemicals and debris to build up and sit in the pit/hoistway causing the hoist ropes and other component parts to rust and further deteriorate.
    f. That third-party defendant, CTA, allowed the elevator and its component parts to sit in ice, water, chemicals and debris for a significant and unreasonable length of time which caused further deterioration to the evidence which has impaired defendant SOUTH WEST's ability to defend itself by an examination of the allegedly defective product, hoist ropes, elevator and its component parts.
    g. SOUTH WEST denies all liability as alleged by the plaintiff and if it is found that SOUTH WEST is liable to the plaintiffs, one or more of the foregoing acts or omissions on the part of

           third-party defendant, CTA, contributed in whole or in part to proximately cause the injuries alleged to have been sustained by the plaintiffs.

    h.    In the event that the plaintiffs recover a judgment from SOUTH WEST, then pursuant to 740 ILCS 100/2, SOUTH WEST is entitled to judgment by way of contribution against third-party defendant, CTA, for that portion of said judgment in excess of SOUTH WEST's pro rata share of liability to the full extent allowed by law.

**ANSWER:** Defendant admits only that said allegations 13(a) through (h) appear as ¶'s 1through 9 in Exhibit B, Defendant South West Industries, Inc.'s Third Party Complaint for Contribution, which was filed in Cook County Circuit Court Case No. 2006 L 011181.

## STARNET POLICY

14.    StarNet issued Policy No. JMS0000171-00 (the "StarNet Policy") to SWI. A true and correct copy of the StarNet Policy is attached hereto as Exhibit "C".

**ANSWER:** Defendant admits the allegations stated in Paragraph 14 of Plaintiff's Complaint.

15.    The StarNet Policy is effective from March 31, 2006 to March 31, 2007.

**ANSWER:** Defendant admits the allegation stated in Paragraph 15 of Plaintiff's Complaint.

16.    The Each Occurrence Limit of the StarNet Policy is $1,000,000, and the General Aggregate Limit is $3,000,000.

**ANSWER:** Defendant admits the allegations stated in Paragraph 16 of Plaintiff's Complaint.

17.    The StarNet Policy contains the following insuring agreement:
1.    Insuring Agreement
a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or

      "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result . . .

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"

        (2)    The "bodily injury" or "property damage" occurs during the policy period;

**ANSWER:** Defendant admits that the language contained in Paragraph 17 appears in the Commercial General Liability Coverage Form, page 1 of 15, in Exhibit C, the StarNet Policy, along with additional language that is omitted from ¶17 of Plaintiff's Complaint.

    18.    The StarNet Policy contains the following exclusion:
        e.  Employer's Liability
        "Bodily injury" to:

        (1)    An "employee" of the insured arising out of and in the course of:

            (a)    Employment by the insured; or

            (b)    Performing duties related to the conduct of the insured's business; or

        (2)    The spouse, child, parent, brother or sister or that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

        (1)    Whether the insured may be liable as an employer or in any other capacity; and

206622-1                                        9

>   (2) To any obligation to share damages with or repay someone else who must pay damages because of injury.
>
>   This exclusion does not apply to liability assumed by the insured under an "insured contract".

**ANSWER:** Defendant admits that the language contained in Paragraph 18 appears in the Commercial General Liability Coverage Form, page 2 of 15, in Exhibit C, the StarNet Policy.

## GROUNDS FOR DECLARATORY JUDGMENT

19. SWI and CTA entered into an agreement or around February 8, 2005, in which SWI agreed to inspect, service, maintain and repair elevators for the CTA. A true and correct copy of the agreement is attached hereto as Exhibit "D".

**ANSWER:** Defendant admits that portions of the contract between SWI and CTA are attached to the Complaint as Exhibit D, Part 1. However ,Defendant denies that Exhibit D is a true or complete copy of the contract.

20. At the time of the injury to Lewandowski alleged in the Lewandowski Lawsuit, Lewandowski was riding an elevator at the Pulaski station of the CTA's Orange Line.

**ANSWER:** Defendant admits the allegation stated in Paragraph 20 of Plaintiff's Complaint.

21. Upon information and belief, Lewandowski was an employee of the CTA acting with the course and scope of his employment with the CTA on the day and time he was allegedly injured.

**ANSWER:** Defendant admits the allegations stated in Paragraph 21 of Plaintiff's Complaint.

22. The "Employer's Liability" exclusion applies to exclude any coverage or potential coverage for the CTA in the Lewandowski Lawsuit.

**ANSWER:** Defendant denies the allegations stated in Paragraph 22 of Plaintiff's Complaint.

23. As a result of the application of the "Employer's Liability" exclusion, StarNet has no duty to defend the CTA in connection with the Lewandowski Lawsuit.

**ANSWER:** Defendant denies the allegations stated in Paragraph 23 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to Plaintiff's Complaint, Defendant CTA states as follows:

a. Because Starnet failed to either timely respond to the CTA's tender of defense or timely file a declaratory action, it is estopped from asserting policy defenses.

b. Starnet, by its omissions, intentionally or impliedly waived the right to dispute coverage under its policy for the CTA.

c. Starnet's complaint is barred by the doctrine of mend the hold as it has taken a contrary position to the detriment of the CTA.

WHEREFORE, Defendant, CTA, respectfully requests this Court to deny any declaratory relief to Plaintiff, to award to Defendant all additional relief to which Defendant is entitled and requests this Court to render judgment in favor of the Defendant and against Plaintiff.

                Respectfully Submitted,

                KAREN ROWAN
                General Counsel
                Chicago Transit Authority

                By:  /s/
                     Barbara Smith
                     Managing Attorney

Barbara Smith
Kevin C. Rakers
Office of the General Counsel
Chicago Transit Authority
567 West Lake Street
Chicago, Illinois  60661-1498
(312)681-3110
(312) 681-3141
(312) 681-3195 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STARNET INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 cv 1828 |
| | ) | |
| | ) | JUDGE JOAN GOTTSCHALL |
| v. | ) | |
| | ) | |
| SOUTH WEST INDUSTRIES, INC. dba | ) | Magistrate Judge Ashman |
| ANDERSON ELEVATOR COMPANY; | ) | |
| and CHICAGO TRANSIT AUTHORITY. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT CHICAGO TRANSIT AUTHORITY'S
NOTICE OF FILING

To:   Perry Michael Shorris
      Bollinger, Ruberry and Garvey
      500 West Madison St.
      Suite 2300
      Chicago, Illinois 60606-2511

PLEASE TAKE NOTICE defendant Chicago Transit Authority ("CTA"), by its attorneys, has this day filed with the Clerk of the United States District Court for the Northern District of Illinois its attorney's Appearance and its Answer, copies of which are attached.


Dated:  May 29, 2008                    Respectfully submitted,

                                        KAREN ROWAN
                                        General Counsel
                                        Chicago Transit Authority


(312) 681-3141
Attorney No.6198418              By:___/s/_____
Chicago Transit Authority               Kevin Rakers
567 West Lake St.                       Managing Attorney
Chicago, Illinois 60661

CERTIFICATE OF SERVICE

I hereby certify that I am an attorney of record in this action and that I have this day caused true copies of the foregoing Notice of Filing and Appearance and Answer to Complaint for Declaratory Judgment, copies of which are attached, to be sent by mail to the persons named in the Notice.

Dated:  May 29, 2008                                Signed:


                                                    _____/s/_____
                                                    Kevin Rakers
                                                    Managing Attorney
                                                    Chicago Transit Authority